CASE 17—PETITION EQUITY—MARCH 10.

# Koenig, &c., v. Kraft, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. CONSTRUCTION OF DEVISE.—While devises and conveyances by a husband to his wife and their children under the ordinary rule create a joint tenancy, yet the courts, in the construction of such devises or conveyances, are always inclined to construe them as creating an estate for life in the wife, remainder to the children, and where there is any language used in the instrument from which such an intention can be inferred, the chancellor will decline to follow the ordinary rule making the wife and children joint tenants.

A testator devised all his estate to his wife for her and her only child's *sole use and benefit*, and gave his wife full power to sell certain real estate, *but no other*. In this contest between the testator's child named in the will, and the children of his wife by a second husband, *Held*— That the wife took a life estate, with full power to use, for the benefit of herself and child, that part of the estate which it was provided she could sell, remainder in fee to the child. Therefore, upon the

death of the mother, her child by the testator took the whole estate undisposed of, and no part of it descended to her children by the second husband.

F. HAGAN AND CHARLES G. HULSEWEDE FOR APPELLANTS.

The opinion of this court in Kraft's Guardian v. Koenig, &c., decided March 31, 1887, determines the construction of the will—giving the widow a life estate with remainder to the child.

M. & D. A. SACHS AND J. G. SACHS FOR APPELLEES.

The construction placed on the will in Kraft's Guardian v. Koenig, &c., is contrary to the previous rulings of this court. (Prather v. Smith, 8 Bush, 82.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This case is here for the construction of the will of Wm. Ch. Kraft, deceased. He died in January, 1866, leaving his widow surviving him and an infant daughter, Emma, who at his death was four years of age. His widow subsequently married, and had children by her second husband, and is now dead. This controversy is between the child of the devisor and the children of the same mother by her second husband. It is claimed by the appellees, the children by the second marriage, that their mother, under the will of her first husband, acquired a joint interest with the appellant, Mrs. Koenig, her only child by the first marriage, in the estate devised, and that at the mother's death, she owning a half interest, it descended from her to all three of the children.

In a controversy between these same parties, in which the present appellant sought to cancel a deed made by her to her half brother and sister of an equal interest in some real estate devised to her by her father under a misapprehension of her rights, this court held that the devise to the daughter was in fee, subject to a

life estate in the mother, and the conveyance to her half brother and sister upon the facts of that record should be set aside. In the present case, the chancellor being asked to construe the will, held that the mother owned an interest equal to that of the child by her first husband, and, therefore, the children by the second husband inherited a part of the estate from the mother, ignoring the construction placed on the will by this court for the reason, as suggested by counsel, that it was not necessary to the decision of the question in the case heretofore in this court that the interest of the appellant or that of her mother in her father's estate should be determined.

It is plain that the extent of the interest of the mother and child in the estate under the will had an important bearing in determining the question raised in the former litigation, and as the question is again presented, we find it necessary to differ from the chancellor as to its construction.

The language of the testator's will is as follows: "I give and bequeath to my beloved wife, Elizabeth Kraft, all my real, personal and mixed estate of which I may be possessed at the time of my demise, for *her and her child, Emma Kraft's, sole use and benefit*, and give my beloved wife full power and authority to sell my real estate what I now hold on Walnut near Clay street, *but no other*, and I appoint my beloved wife Elizabeth as executrix of this my last will and testament, without security." Under this devise, if the widow takes an equal interest in fee with the infant child of the testator, that interest extends to the entire estate, as by the clause of the will quoted he gives to his wife

all of his estate, *real, personal and mixed;* and if this language is not restricted in its meaning by the use of words in the same clause evidencing a contrary intention on the part of the testator, then the wife takes jointly with the child. The estate is devised to the wife, however, for a particular purpose ; that is, "*for her and her child's, Emma's, sole use and benefit,*" and the right of alienation withheld from his wife of all his real estate *but that he holds on Walnut near Clay street.*

The limitation of the power of the wife as to the disposition of the realty is inconsistent with a grant of the fee, and evidences a plain intent on the part of the devisor to place this property under the control of his wife in trust for her and the child's *sole use* and benefit; and in the use of the property you may sell certain realty but no other, the testator evidently contemplating that a necessity might exist for a sale of this realty, that it might be sold or its proceeds used beneficially by the objects of his bounty. Besides, I devise this estate for the sole use and benefit of my wife and child ; not for the benefit of her second husband, or those who had no claims on his bounty ; and to enable them to enjoy it, the devisor placed no limitation on its use for the benefit of his wife and child, and vested in the widow the power to sell a part of the realty for that purpose. The child was then only four years of age, and the testator no doubt thought that his wife, in raising and educating it, as well as providing for her own comfort, would require the use of all his estate save the realty that he expressly said should not be sold. The use of the prop-

erty thus devised was not confined to the mere income, but the whole of it might be disposed of by the wife for that purpose. The question is, what becomes of that portion of the estate unsold or undisposed of. Suppose the wife had sold none of the realty, then is it not manifest that the mother, being dead, the child would take the absolute estate, not from the mother, but from the father? The mother's right to the use and enjoyment having terminated, the whole passed to the child. It was in fact a life estate in the widow for the use and benefit of herself and child, remainder in fee to the child at its mother's death. She was then the sole beneficiary, and the restriction over the power of alienation shows a manifest purpose to place the estate in trust to be held by the wife as long as she could enjoy it in conjunction with the child, but no longer. In construing the meaning of a conveyance in the case of Davis v. Hardin, 80 Ky., 672, this court said: "When a husband makes a conveyance to his wife and their children, there is less reason to suppose that he intended they should take as joint tenants, whereby his bounty may, by the death of the wife, pass into the hands of a stranger." In that case the conveyance was to "Thompson, in trust for the said Mary E. Jones and Wm. P. Jones, and any other child she may have." This court held that the wife took a life estate. Here the devise is to the wife, to be held in trust for her and the child's sole use and benefit, with the power of alienation taken from the wife of his realty except certain portions designated by the will.

Did the testator contemplate the execution of a will

by which the use and profits of his estate, or the proceeds of its sale, should pass to the second husband of the wife on the marriage or at her death, or was he attempting to secure the estate for the child by placing it in trust to be held by the mother for the *sole* use and benefit of both, so long as the mother lived? The latter construction should be given the instrument, and any other defeats the intention of the testator. In Foster v. Shreve, 6 Bush, 519, a deed to the mother *conveying to her and her present heirs forever* was held to vest in the mother an estate for life only. In Crockett v. Crockett, 2 Phill., 553, the testator directed that "all of his property should be at the disposal of his wife for herself and children." It was held that the wife was either a trustee of the fund, with a large discretion as to its application, or the trust was subject to her life estate. In French v. French, 11 Sim., 256, the testator gave certain moneys in trust for his daughter "for the use of herself and children;" it was held to be a life interest in the wife, remainder to the children. In *re* Harris, 7 Exchq., 344, the will read: "I give and bequeath all my property, of whatever description, to my wife for the maintenance of herself and children (naming them), and I constitute my said wife sole executrix." This was held to constitute a life estate in the wife.

While gifts and conveyances to a *wife and her children* under the ordinary rule would create a joint tenancy, the courts, in the construction of such instruments, executed by the husband to the wife and children, are always inclined to construe the instrument as an estate for life in the wife, remainder to

the children; and where there is any language used in the *instrument* from which an inference of such an intention appears, the chancellor will decline to follow the ordinary rule making them joint tenants. In the present case a trust was created by the testator with enlarged powers of disposition on the part of the wife, who was the trustee. She could use not only the income but the principal for the use and benefit of herself and child, except certain real estate that she was prohibited from selling. After placing the estate under the control of his wife, the testator specifies what real estate the wife might sell, and confers upon her the express power to do so, and then proceeds to say that she shall sell no other, showing a plain purpose to limit the estate of the wife, and a discretion as to its control and disposition after his death, for the uses to which it was to be applied.

The judgment below is reversed, and cause remanded for proceedings consistent with this opinion.