CASE 95—PETITION EQUITY—DECEMBER 3.

## Jones, &c., v. Jones, &c.

APPEAL FROM CLARK CIRCUIT COURT.

DEVISE TO TESTATOR'S WIFE AND CHILDREN.—Under a devise by a testator to his wife of property "to be by her managed and controlled during her natural life for the joint benefit of herself and my six children," with power to the wife to give to any child immediate title and possession of such part of the property as she might think fit, not to exceed one-sixth, and at her death the property to be divided equally among the children, each child to be charged with what he may have received from the widow under the power given her by the will, the widow takes a life estate in the whole, remainder to the children; and, therefore, the widow can not be required to account to the children for any part of the rents and profits of the estate.

Jones, &c., v. Jones, &c.

H. MARSHALL BUFORD AND GEORGE C. WEBB FOR APPELLANT.

The testator intended the estate to be kept together during the life of
the widow, as he would have kept it if he had lived, the income
to furnish a fund for the common support of the family, acording
to their respective necessities, from time to time; and the "control"
which he gave her of the estate was not merely a control for the
purpose of making it profitable, but a control of the profits when
collected for the purpose of applying them for the general benefit
of the family, using the same discretion in applying them as he
would have done if living.  (Weaver v. Weaver's Ex'or, &c., 13
Ky. Law Rep., 699; s. c., 92 Ky., 491; Frank v. Unz, 91 Ky., 621;
Koenig, &c., v. Kraft, &c., 87 Ky., 100.)

GEORGE B. NELSON FOR APPELLEES.

The will creates an express trust in appellant for the joint benefit of
herself and her six children, with the power conferred on her to
manage and control it as a whole, with the corresponding obliga-
tion to account to the beneficiaries of the trust for such profits as
she, managing the estate as a whole, with whatever skill and judg-
ment she possessed, might be able to realize out of it.  (Stillwell
v. Leavy, &c., 84 Ky., 380.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The principal and only question to be decided on this
appeal is the construction of the will of Roger Jones.
He owned some four hundred acres of valuable land, and
left surviving him his widow and six children, one of them
an adopted child.  Two of his children were married and
not living with the testator.  The others were on the
farm and living with him at testator's death.

The will is as follows:  "I will and devise all my prop-
erty of every kind and description, real, personal and
mixed, unto my beloved wife, Lucy M. Jones, to be by
her managed and controlled during her natural life for
the joint benefit of herself and my six children (naming
them), with power in my said wife to give immediate title
and possession of such portion of any of said property
as she may think fit to any one or all of said children at

such time or times as she may think fit, provided the entire portion given to any one of said children shall in no event exceed in value one-sixth of my entire estate, and at the death of my said wife I desire that each of my six children have an equal share of my entire estate, taking into consideration the value of whatever any one may have received from my said wife by virtue of the power herein conferred upon her. Should any one of my children to whom a portion of my property shall have been given in exercise of the power conferred upon my said wife, die before attaining the age of twenty-one years, and without issue, I will that the property so given to him or her *shall revert to my said wife* to be held and controlled by her in the manner, and subject to the restrictions and limitations and power under which it was held before it was so given, etc. At the death of my said wife the said property to be divided equally among my surviving children as herein provided."

There are other clauses of the will not involved, and the question is, did the widow take a life estate in the devised property, or did she hold as a tenant with the children and entitled to one-seventh of the estate for life only, holding the other six-sevenths as a trustee and liable for rents. The court below held she was a trustee for the children, and that they had a present interest, and were entitled, at the death of the devisor, to the one-sixth interest of the rents and profits. This construction, in our opinion, is erroneous. The wife, by the provisions of the will, held the title for the joint benefit of herself and children, with the power to give to each child, as she saw proper, a part or all of his or her interest in the estate, which was not to exceed one sixth; but that she

was, as trustee, to hold and manage all the estate but one-seventh for these children, the proceeds to be applied by her for their use, is inconsistent with the plain intention of the testator. The whole estate was devised to the wife for life, with the power to give any part of it, including the rents and profits, if any, to the children, and for which the child is charged.

The wife and mother of these children was vested by the provisions of this will with the same power the testator had over it during his life, with the exception that she could not sell the principal or give to any child more than a one-sixth interest. The estate was hers for life, and the benefits to be derived by the children were such as the wife saw proper to confer during her life. He directs how these benefits are to be conferred, and that is, at the pleasure of the wife, with the restrictions as to the extent of the value of the gift, not to exceed one-sixth interest, and at her death the whole estate is to be divided between them. Any other construction would make the wife manage and control this farm for the small pittance of the proceeds of the one-seventh part during her life, leaving her liable as trustee for rents and profits. Such could not have been the intent of the testator, because he gives to the wife the power to give as she pleases, both as to the time of the gift and the amount. The idea, therefore, of conferring such power on the wife and confine her to the income of the one-seventh of the estate was never thought of by the devisor.

The case of Stillwell v. Leavy, reported in 84 Ky., 379, is not like this case. In that case the devise was to the wife, Nancy Fleming, for the support of all the family, and to be divided between the children at her discretion.

The language of the will is different in the one case from the other, as well as the circumstances surrounding the testators. The wife, in Stillwell v. Leavy, was to *support* the children, who were then in no condition to support themselves, and she sold the land in violation of the trust. Here the children, or some of them, were married and able to support themselves; or, if not, the devise being for the joint benefit of all, the will, in express terms, directs the manner in which the benefits are to be bestowed— not for the support of the children, but to be given in the manner, and when, the life tenant, the mother, sees proper. She controls it all; gives to the children as the testator could if he were alive, and this is the plain meaning of the will. The widow is entitled to the rents and profits of the estate, and is not a trustee to use and manage it for the present use of the children. He makes his wife executrix and requires no bond of her, knowing that she could not dispose of this land, and at the same time vesting in her the right to surrender to any of the children their part of the estate "*when she saw fit.*" As the mother of these children she is empowered to give as if it were hers, but not to give one more than the other; and that she may do this the testator gives her the entire control for her life for the joint benefit of all, no doubt believing that she will not violate his wishes; but when she does give, that no distinction will be made.

The judgment below is reversed, with directions to adjudge that this estate is for the wife for life, remainder to the children. This is the plain meaning of the instrument.