CASE 25—EQUITY—JUNE 17.

## Stevens v. Bakrow, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

WILLS—CONSTRUCTION—JOINT DEVISE TO WIDOW AND CHILDREN.—Under a devise by a husband to his wife of all of his estate "to be used and taken care of, and enjoyed by her and her children, for and during her natural life, and at her death to descend to and be inherted by" their children, the widow took a vested interest to the entire estate for the benefit of herself and children in equal shares and her aliquot part was subject to her debts.

MAXWELL DAVIS FOR APPELLANT.

Under the will of John Bakrow, the widow took a life estate in the entire estate, which was subject to her debts. Sale v. Thornberry, 86 Ky., 266; Rhett v. Mason, 18 Grat., 541; Brand v. Rhodes, 17 Ky. Law Rep., 97; Davis v. Hardin, 80 Ky., 672; Koenig v. Kraft, 87 Ky., 95; Frank v. Unz, 91 Ky., 621; Jones v. Jones, 93 Ky., 532; Stillwell v. Leavy, 84 Ky., 379.

PIRTLE & TRABUE FOR APPELLEE.

1. Injunction was the proper remedy. Orr v. Griffin, 3 J. J. M., 274; Mallory v. Dauber, 83 Ky., 239.
2. The widow of John Bakrow had no right under the latter's will to dispose of a life estate to pay accommodation paper. The cases referred to in brief of counsel for appellant establish the

rule that wills are to be construed to protect the testator's children.

3. A precatory trust was created by the will which would be defeated if a life estate is vested in the widow, which may be sold for her debts.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In 1868 John Bakrow died, leaving a will by which he devised his estate to his wife, Frieda, upon certain conditions hereafter referred to. In 1893, Mrs. Bakrow, for the accommodation of Joseph Schwabacher, became bound upon a promissory note for $3,000, upon which judgment was obtained against her at the suit of appellant, Stevens, who had become the owner of the note; and the execution issued thereon was levied upon the "the life estate of Frieda Bakrow" in two lots of land in Louisville, which were part of the estate left by her husband. This suit was brought by the children of John and Frieda Bakrow to enjoin the sale under the execution, and upon final hearing the injunction was perpetuated. The question presented is whether Frieda took a life estate in the property left by her husband. The provisions under which this question arises are (after a direction that his debts should be paid): "I will and bequeath to my wife, Frieda Bakrow, all that I die possessed of—real, personal, and mixed—to be used and taken care of and enjoyed by her and her children for and during her natural life, and at her death to descend to, and be inherited by, all our children who survive her, or their descendants, share and share alike." After providing that his daughter Rose should be charged upon the division with $3,000 theretofore given her, the will continues: "I desire that my wife shall use and enjoy the property I leave, and be the guardian of our children, the same as I myself could

or would be if living, keep the property in repair, and insured in good and reliable offices, and collect the rents, and use them for herself and our children, or with the proceeds to carry on any business she may desire to do, in order to aid in maintaining the family. She may build on or improve any real estate that in her opinion may be for the benefit of my estate, and, in order to enable her to do so, may sell and dispose of such real estate as in her opinion may be for the best, and for the good of our family." It appeared that a considerable estate was left by the testator, but that a large part of it was compelled to be sold for the payment of his indebtedness; that there were nine children, who still survive the testator, for whose support and wedding outfits the income of the estate has been expended, as well as for the support of the widow. It further appears (though the evidence is not definite) that the net income from the remaining property, as claimed by appellant, amounts to some $1,600, and that during the past six or seven years there has been a growing deficit.

Under the provisions of the will above quoted, did the widow take a life estate in the property devised, or did the children obtain thereunder an immediate right to the use and profits of the land for a support? In support of appellant's contention that Mrs. Bakrow took a life estate, we have been cited to several Kentucky cases: Brand v. Rhodes, 17 Ky. Law Rep. 97 [30 S. W. 597]; Davis v. Hardin, 80 Ky. 672; Koenig v. Kraft, 87 Ky. 100 [7 S. W. 622]; Frank v. Unz, 91 Ky. 621 [16 S. W. 712]; Jones v. Jones, 93 Ky 532, [20 S. W. 604]—and it is earnestly contended that these cases are authority in support of the proposition that a devise in favor of and to wife and children, or to the wife for the use and ben-

efit of herself and children, or to the wife in trust for the use and benefit of herself and children, indicates an intention on the part of the testator that the wife should take a life estate, with remainder to the children, upon the theory that a testator could not be presumed, in the absence of controlling language, to have intended to dispose of his estate in a way which might result in a part of it passing to strangers in blood. But it will be observed that in each of these cases, with the exception of the Jones case, the fee was expressly disposed of to the wife and children, or for their benefit. In the Jones case the devise was to the wife, "to be by her managed and controlled during her natural life for the joint benefit of herself and my six children, * * * with power in my said wife to give immediate title and possession of such portion of any of said property as she may think fit to any one or all of said children at such time or times as she may think fit," provided that no child should receive more than one-sixth of the entire estate. It was there held that the power given the wife to give any part of the state, at her discretion, to any of the children, was inconsistent with the theory that she was to hold the estate as trustee for the children, or that they took any present interest therein. In the case at bar, however, the estate was given "to be used and taken care of and enjoyed by her *and her children* for and during her natural life." No exclusive estate is given to her, but the children are jointly made partakers with her. The reasoning in the Jones case, in which both the facts and the language used were distinguished from those which appeared in Stilwell v. Leavy, 84 Ky. 379 [1 S. W. 590], is not applicable to the case at bar, but the latter case seems to us to be directly in point. The devise there was to

the wife, Nancy Fleming, for the support of all the family, and to be divided between the children at her discretion.    She conveyed the land, and in a suit by her descendants against her remote vendees the statute of limitations was pleaded, and it was held (page 383, 84 Ky., and page 592 [1 S. W.]: "The testator, by the clause of the will now under consideration, left the land in contest to his wife, Nancy Fleming, in trust, for the support of all the family (which meant the children), with the discretionary power of appointment between the children at any time before her death, subject to the actual appointment between the children.    They had an immediate right to the use and profits of said land for a support—not, howeved, to the exclusion of their mother." And consequently their rights were barred by the statute of limitations.    In our opinion, the children of Mrs. Bakrow took an immediate right, under the will of their father, to the use and profits of the estate, she holding the legal title to the whole; and the right of the widow and each child was fixed and definite to an aliquot part thereof, which might be subjected to the debts of the owner.    Eastland v. Jordan, 3 Bibb, 186; Anderson v. Briscoe, 12 Bush, 347; Ky. Stat., sec. 2355.    We think, therefore, that the action of the trial court, enjoining the sale of the life estate of Frieda Bakrow in the whole property, was correct; but, to the extent the judgment restrains the sale of any interest of hers therein, it is reversed—she having the legal title to one-tenth for life—and the cause is remanded for further proceedings consistent with this opinion.