CASE 31—ACTION BY VIRGINIA MAYES AGAINST J. B. KARN AND OTHERS
FOR A CONSTRUCTION OF THE WILL OF JOHN P. FUQUA, DECEASED,
HER FORMER HUSBAND.—MARCH 25.

# Mayes v. Karn and Others.

APPEAL FROM DAVIESS CIRCUIT COURT.

FROM THE JUDGMENT RENDERED PLAINTIFF APPEALS. REVERSED.

WILLS—TESTATOR'S INTENTION—PRESUMPTION—DEVISE OF INCOME OF
ESTATE—MONEY INVESTED IN LAND.

Held: 1. It is presumed that a testator's intention was that his
property should pass according to the will, and not according
to the statute of distributions.

2. A devise of the rents and profits of land passes title to the land
itself.

3. A testator provided in his will that his wife and child should be
supported from the income of his estate, and his money in-
vested in real estate for their benefit. There was a further
provision that the wife should not have the power of disposing
of any part of the estate, but that her support and the educa-
tion of the child should come from the income thereof. HELD,
that the wife took a life estate in one-half of the property, with
remainder to testator's daughter in fee, and the daughter took
an estate in fee to the other half.

SWEENEY, ELLIS & SWEENEY AND W. E. AUD, FOR APPELLANT.

The purpose of this suit is to obtain a construction of the
will of John P. Fuqua, deceased, former husband of appel-
lant, who died in 1864, leaving one child, a daughter, who
married appellee, J. B. Karn and has since died leaving one
child, a daughter, the appellee, Mrs. Eva L. Hardwick.

At the date of the death of testator, his daughter, Mrs.
Karn, was a minor and his sole heir, and she has since died
intestate, leaving Mrs. Eva L. Hardwick as her sole heir.

The single question is, what interest, right or title did the ap-
pellant, Virginia Mayes take under this will?

The items under consideration are as follows, viz.:

*Item second.* It is my will and desire that my wife and chil-
dren shall be supported from the proceeds and income of my
estate, and that the sum of $1,145 which I have in money,

Mayes v. Karn and Others.

shall be invested in real estate for the benefit of my wife and children.

*Item third.* Having purchased of my brother, R. C. Fuqua, a tract of one hundred acres of land, it is my will that he convey the same to my wife and children.

*Item fourth.* It is my will that my wife shall not have the power of disposing of any portion of my estate, but that her support and the education of the children shall be from the income of the estate and from the notes on hand.

Our contention is:

1. That appellant took under the will, *a life estate* in all the real property owned by the testator at his death.

2. That after the education of the children the appellant has the right to the entire income from the estate of which testator died seized and possessed during her natural life.

It is a well settled rule of law that every item of a will must be construed from the intent of the testator to be gathered from the whole will.

## AUTHORITIES CITED.

Arnold's Executor v. Arnold's Admr., 11 B. Mon., 81; 28 Am. & Eng. Ency., 1st ed., 403; Jarman on Wills, 5th ed., sec. 908; 29 Am. & Eng. Ency., 1st ed., 404, and authorities cited in note 1; Jones v. Jones, 93 Ky., 532; Koenig v. Kraft, 87 Ky., 95 (9 R., 945); Ormsby v. Dumesnil, 91 Ky., 601; Reed v. Rowan, 1 Rep., 331; Frank v. Unz., 91 Ky., 621; Barth v. Barth, 2 R., 1246; Conner & Wife v. Downer, &c., 4 Bush, 631; Moore v. Calver, &c., 6 Bush, 356; Churchill v. Reamer, 8 Bush, 256.

WILFORD CARRICO, ATTORNEY FOR APPELLEE.

The appellee, J. B. Karn, contends that the testator devised a support for his widow and children out of his estate, and with this exception he died intestate. In other words that the testator made no disposition whatever of any of his property except that made in item second of his will, and that to all the rest of his estate he died intestate, and that it descended to his heirs under the laws of descent then in force.

Item fourth of the will might be considered as surplusage, except as it tends to emphasize and reiterate the intention of the testator as expressed in item second.

If it be true, as we contend, that the testator devised only a support for his wife and children out of the estate or out of the *income* of the estate, then there was no life estate created by the will, and at the death of the daughter of tes-

tator, her surviving husband at once became invested with an estate by the curtesy.

### CITATIONS.

Rev. Stat., sec. 1, art. 4, ch. 47; Milner v. Calvert, 1 Met., 472; Yankey v. Sweeney, 8 L. R., 945; Ellis v. Dittey, 15 L. R., 378.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

On the 15th day of August, 1900, Virginia Mayes, the appellant, filed this suit in the Daviess circuit court against appellees, Eva L. Hardwick and J. B. Karn, to obtain a construction of the will of John P. Fuqua, the former husband of appellant. John P. Fuqua died in 1864. He left surviving him his widow, the appellant, and only one child, Sallie Lee Fuqua, who intermarried with appellee, J. B. Karn, and afterwards died and left one child, appellee Eva L. Hardwick, the wife of H. S. Hardwick. The following is the will of John P. Fuqua:

"In the name of God. Amen.

"I, John P. Fuqua, being of sound mind and disposing memory, but being aware of the uncertainty of life and the certainty of death, do make this my last will and testament.

"Item 1st. I bequeath my body to the tomb and my soul to God who gave it.

"Item 2d. It is my will and desire that my wife and children shall be supported from the proceeds or income of my estate, and that the sum of $1,145.00 which I have in money shall be invested in real estate for the benefit of my wife and children.

Item 3d. Having purchased of my brother, R. C. Fuqua, a tract of one hundred acres of land, it is my will that he convey the same to my wife and children.

"Item 4th. It is my will that my wife shall not have

the power of disposing of any portion of my estate, but that her support and the education of the children shall be from the income of the estate and from the notes on hand.

"Item 5th. My executor shall have discretion as to any sum or surplus that may be on hand at any time.

"Item 6th. I constitute and appoint my brothers, R. C. Fuqua and William M. Fuqua, executors of this my last will and testament."

It appears from the record that the executors have long since settled their accounts as such, and ceased to act. The only question for the court's consideration is what interest, right or title did the appellant and Sallie Lee Karn, nee Fuqua, take under the will? It appears from the record that the testator left real estate in the city of Owensboro, and the 100 acres of land that he purchased from R. C. Fuqua, and the executors purchased 102 acres of land at about the price of $4,000, with the cash and notes left by the testator. The lower court construed the will to have force and effect only until his child, Sallie Lee, was educated and arrived at the age of 21 years, and then the property to pass by descent under the statute, his widow, the appellant, taking one-third for life, and his daughter, Sallie Lee, taking two-thirds in fee, and the other one-third in remainder. The appellant contends that a proper construction of the will gives to her the whole estate for her natural life, subject only to the support and education of the daughter, Sallie Lee, until she arrived at the age of 21 years.

We can not concur in either construction. We have been unable to find one word or sentence in the will limiting the force and effect of it to the time of the majority of his daughter, Sallie Lee, or that he intended that after such

time his estate should descend according to the statute. It is the presumption of law that the testator intended that his property should pass by virtue of his will and not by the statute. The authorities referred to by counsel for appellant do not meet the case at bar. In the case of Arnold's Ex'rs v. Arnold's Adm'r, 11 B. Mon., 81, the language of the testator was, in substance, this: "I give and bequeath unto my beloved wife the farm on which I now reside, containing 300 acres, for and during her natural life, to be by her used for the benefit of," etc. In the case of Jones, etc., v. Jones, 93 Ky., 532 (14 R., 556), 20 S. W., 604, the testator used this language: "I give and devise all my property of every kind and description, real, personal and mixed, unto my beloved wife, Nancy M. Jones, to be by her managed and controlled during her natural life and for the joint benefit of herself and my six children." In the case of Koenig v. Kraft, 87 Ky., 95 (9 R., 946), 7 S. W., 622, the testator used this language: "I give and bequeath to my beloved wife, Elizabeth Kraft, all my real, personal and mixed estate of which I may be possessed at the time of my demise for her and her child, Emma Kraft's, sole use and benefit." In all these cases the whole of the estate is given to the wife for her natural life, to be used by her for the benefit of herself and children. We have not been cited to, and have not been able to find, any case construing a will like the one before us. In Jarman on Wills (5th Ed.), section 797, the author uses this language: "A devise of rents and profits or of the income of land passes the land itself, both at law and in equity." In 29 Am. & Eng. Enc. of Law (1st Ed.), 404, this language appears: "A devise of rents and profits passes the title to land, or incumbers or burdens the title with the use." In the case before us the testator devised the whole of the proceeds

or income of his estate, if necessary for the support of his wife and child and for the education of his child, which, under the ordinary rule of construction, made his wife and child joint tenants of his estate, and, under the authorities cited, passed the estate to them.  And but for the fourth clause of the will the wife would own one half, and the daughter the other half, of the estate, in fee.  It appears that under the fourth clause of his will the testator was of the opinion that by the second clause he had devised one-half of his estate to his wife in fee, for he expressly prohibits his wife from disposing of any part of his estate, thereby limiting her half to a life estate.  It also appears from the fourth clause that he had failed to make any provision for the education of his daughter, and in this clause incumbers his estate with her education.  In our opinion, the testator intended by his will to devise his estate to his wife and child jointly—one-half thereof to his wife for life, with remainder to his daughter, and the other half in fee to his daughter.  In Koenig v. Kraft, supra, the court said: "While gifts and conveyances to a wife and her children under the ordinary rule would create a joint tenancy, the courts, in the construction of such instruments, executed by the husband to the wife and children, are always inclined to construe the instrument as an estate for life in the wife, remainder to the children; and, where there is any language used in the instrument from which an inference of such an intention appears, the chancellor will decline to follow the ordinary rule making them joint tenants."  In this case the testator willed his estate to his wife and child, and we have been unable to find in the instrument any language from which an inference may be deduced that it was the intention of the testator that his wife should have the whole estate for life, and his child to take

it in remainder. And we conclude that the ordinary rules of construction should prevail, making them joint tenants—the wife for life in her half.

For these reasons, the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.

Whole court sitting.