No. 27,763.

EMMA R. WICKIZER, *Appellee*, v. EMERY L. WICKIZER et al., *Appellants.*

(262 Pac. 589.)

SYLLABUS BY THE COURT.

1. HUSBAND AND WIFE — *Antenuptial Agreement — Construction — Proceeds of Real Property.* An antenuptial contract which provides that the husband and wife shall enjoy the proceeds from certain real property owned by the husband as long as they shall live, and after the death of the husband the wife shall enjoy the proceeds as long as she lives or remains the widow of the husband, gives to the wife a life estate in the property described in the contract after the death of the husband so long as she remains his widow.

2. ESTATES — *Life Estate — Liability for Improvements, Taxes and Insurance.* The husband mentioned in the first paragraph of this syllabus died, and an executor was appointed for his estate. The executor took possession of the property mentioned in the antenuptial contract, rented it, collected the rents therefrom, excluded the widow from the possession thereof, paid taxes thereon, and paid for insurance and repairs. The widow sued for the rents and profits received by the executor and asked to have her rights under the contract declared. The trial court allowed the executor for taxes paid which accrued after the death of the testator, for what had been paid for

Deeds, 18 C. J. p. 306 n. 48. Estates, 21 C. J. p. 954 n. 52. Husband and Wife, 30 C. J. pp. 648 n. 13, 651 n. 53; 13 R. C. L. 1037. Life Estates, 17 A. L. R. 1385; 17 R. C. L. 636.

Wickizer v. Wickizer.

repairs, and for one-third of the amount paid for insurance, and rendered judgment against the executor for the remainder, and declared her interest in the property as stated in the first paragraph of this syllabus. *Held,* that no error was committed as against the executor.

Appeal from Gove district court; Jacob C. Ruppenthal, judge. Opinion filed January 7, 1928. Affirmed.

*David Ritchie,* of Salina, and *R. H. Thompson,* of Gove City, for the appellants.

*W. L. Sayers,* of Hill City, *C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued to recover from Emery L. Wickizer, as executor, $1,200 which he had received as the rent for real property which the plaintiff claimed to own, and asked to have her rights under an antenuptial contract determined. Judgment was rendered in favor of the plaintiff for $787.85, and her rights under the antenuptial contract were declared. The defendants appeal.

The action was tried on an agreed statement of facts which showed that on April 5, 1921, Asa M. Wickizer was the owner of certain real property, and that on that day he entered into a contract with the plaintiff in contemplation of their intermarriage, by which contract they agreed with each other—

"That after their marriage they shall enjoy the proceeds from the above-described property during the lifetime of Asa M. Wickizer and as long thereafter as she lives or remains the widow of Asa M. Wickizer, and at his death or her ceasing to be his widow then the above-described property is to be sold by Emery L. Wickizer, or administrators of the estate of Emery L. Wickizer, and the proceeds equally divided among the surviving sons and daughters of Asa M. Wickizer."

The agreed statement of facts also showed that Asa M. Wickizer and the plaintiff were married; that Asa M. Wickizer made a will devising the net income of the property to the plaintiff so long as she remained his widow, but when she ceased to be his widow or at her death, "said money so loaned to be collected and divided among my children as herein provided"; that the defendant Emery L. Wickizer was named as executor and qualified as such after the death of Asa M. Wickizer, which occurred on November 12, 1924; that the plaintiff elected to take under the law; and that Emery L. Wickizer entered into the possession of the property, rented it, collected the

rents, paid the taxes for the year 1924 and the first half for the year 1925, paid for repairs made on the property, paid for insurance thereon, and paid $4 for repair cleaning and burning trash.

The court made findings of fact in accord with the agreed statement of facts, and made conclusion of law as follows:

"1. The will has been received and probated by the probate court and accepted by all parties to this action as effectual and is therefore so taken by this court.

"2. The antenuptial agreement between the plaintiff and Asa M. Wickizer is effectual as to the hotel property lots 2 to 8, inclusive, block 19, Quinter, Gove county, Kansas, but does not affect any other property or estate of the decedent and does not limit the rights of the plaintiff, Emma R. Wickizer, in such other property.

"3. The plaintiff is a life tenant in said hotel property unless she terminates her rights therein sooner by marriage, in which event said property immediately passes in title to the executor, Emery L. Wickizer, to be sold by him and the proceeds disposed of to the children of Asa M. Wickizer in equal parts.

"4. The complete right of possession and control of the hotel property is in the plaintiff and neither the heirs-at-law nor the executor have any right therein or anything to do therewith until the plaintiff's tenancy terminates by her death or her marriage, except that the buildings may be insured as the interest of the plaintiff and the executor appear.

"5. The defendant should account to plaintiff for $883.27 rent received, less $24.36 paid out for repairs, and $49.51 paid for 1925 taxes, and $57.77 being one-third of insurance premiums paid. The balance of $752.63 is due from the executor to the plaintiff.

"6. As the taxes of 1924 became a lien on the hotel property on November 1, 1924, and Asa M. Wickizer died on November 12, 1924, the taxes of 1924 are chargeable to the estate and not to the particular tract, nor to the plaintiff. The item of $4 for cleaning and burning trash, and repairs, does not separate the repair item from the rest, and the latter is a charge on the estate and not on the plaintiff or the hotel property. All the items for repairs are small temporary or transitory items, and therefore properly chargeable entirely to the property and the life tenant. The taxes for 1925 became a lien after the life tenancy had begun and therefore are properly chargeable to the property and the plaintiff. The insurance was taken in the name of the executor apparently to protect the property and presumably for the benefit of all concerned, as their interests may appear, and therefore without any showing of the age of the plaintiff or her life expectancy, the burden should be divided two-thirds to the estate, for the benefit of the remaindermen, and the other one-third to the plaintiff as life tenant. The insurance policies now in force should be regarded and held as insuring the property for the benefit both of the plaintiff and of the estate and heirs, as their interest may appear, notwithstanding that the policies run to the executor only.

"7. The plaintiff as life tenant should pay all taxes until the termination of her tenancy.

"8. Unless the plaintiff and the executor agree upon insurance, such policies should run in the name of the plaintiff and of the executor 'as their interest may appear.' And each should pay proportionately for the premium, and until agreement is made, or proof and finding in court, such proportions would be one-third to the plaintiff and two-thirds to the executor.

"9. The plaintiff having refused to take under the will and having elected to take under the law, is entitled, as widow, to one-half of all the estate of Asa M. Wickizer other than the hotel property.

"10. The provisions of the will relative to plaintiff are nugatory because she elects to take under the law, but the provisions, almost identical, in the antenuptial agreement are effectual and valid, independent of the will.

"11. The executor has no power to lease or manage the property as executor and could do so only by being made agent for the plaintiff. For all minor repairs, the plaintiff is liable, but large repairs, in the nature of improvements, that are permanent additions and enhance the value of the property, are chargeable one-third to plaintiff as life tenant and two-thirds to the estate.

"12. Costs are to be equally divided between the parties."

The judgment followed the conclusions of law.

1. The defendants in their brief say "the principal question in this case is to arrive at the correct interpretation of a certain antenuptial contract and incidentally a correct interpretation of a certain will." At the time of his marriage, Asa M. Wickizer owned the property in controversy. That ownership gave to him the right to the possession of the property, all the rents and profits, and all the proceeds arising out of the property. The contract gave to Asa M. Wickizer and the plaintiff all the rights in and to the property that Asa M. Wickizer had therein before his marriage. The proceeds given to the plaintiff after the death of Asa M. Wickizer so long as she remained his widow were the same as those enjoyed by Asa M. Wickizer before the marriage, and the same as were enjoyed by him and his wife after their marriage, that is, all rights in and to the property.

What is the effect of the word "proceeds" in the contract? In *Hunt, Guardian, et al. v. Williams,* 126 Ind. 493, the syllabus reads:

"A testator gave to his wife one-half of the proceeds of his farm from year to year, after deducting taxes and repairs, during her natural life or till his minor son became of age. *Held,* that the devise vested in the widow an interest in the land."

The second paragraph of the syllabus in *Mayes v. Karn and Others,* 115 Ky. 264, reads:

"A devise of the rents and profits of land passes title to the land itself." (See, also, *McCoy v. Houck,* 180 Ind. 634, *Earl v. Rowe,* 35 Maine 414; *Reed*

*et al. v. Reed,* 9 Mass. 372; *Den v. Manners,* 20 N. J. L. 142; *Drusadow v. Wilds,* 63 Pa. St. 170, *Beilstein v. Beilstein,* 194 Pa. St. 152.)

This rule applies to deeds as well as to wills. In *Williams et al. v. Owen et al.,* 116 Ind. 70, the first paragraph of the syllabus reads:

"The general rule is, that the grant of the income of land carries an estate in the land itself." (See, also, *Grueber v. Lindenmeier,* 42 Minn. 99; *Wellington v. Janvrin,* 60 N. H. 174; 18 C. J. 306.)

The plaintiff is entitled to the possession of the property described in the contract and to all of the rents, issues and profits thereof during her life or so long as she remains the widow of Asa M. Wickizer.

2. Complaint is made of the allowances to the defendant for money paid out by him for repairs, taxes and insurance. The allowances made by the court were on the basis that the plaintiff has a life estate in the property until terminated as provided in the contract. The complaint of the defendant is based on the contention that the plaintiff did not have a life estate in the property, was not entitled to the possession of it, and was entitled to only the proceeds of it after the items paid out by the defendant had been deducted from the rents and profits received by him from the property.

The taxes due at the time of the death of Asa M. Wickizer, in addition to being liens on the property, were charges which had to be paid before anyone was entitled to the proceeds arising from the property.

The amount paid for insurance on the property presents another proposition. In *Harrison v. Pepper,* 166 Mass. 288, 289, the court said:

"In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remainderman. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee."

A number of cases are there cited to support the rule stated in the opinion.

In *In re Cameron's Estate,* 158 Mich. 174, 177, the court said:

"The authorities are not harmonious upon the question here involved. They agree that, where no requirement is contained in the instrument creating the life estate, the life tenant is not bound to insure the interest of remaindermen— also, that either party may insure for his own benefit. (16 Cyc. p. 632.) A line of authorities holds that neither life tenant nor remainderman has any claims upon the proceeds of the policy of the other; that the contract of insurance is

a personal contract of indemnity against loss, and the sum paid is in no proper or just sense the proceeds of the property."

Under these authorities, the amount allowed the executor and the order concerning future insurance may have been erroneous, but the error, if there was any, is against the plaintiff. She is not complaining. Under these authorities, probably each of the parties interested in the property should insure to the extent of his interest, pay the premiums therefor, and collect the insurance thereon if a loss should occur.

Another item of which complaint is made is $4 to "F. B. Probes for repair cleaning and burning trash." The executor was in possession of the property and paid out this money for a purpose not clearly shown.

There was no error against the executor in the amounts allowed to be deducted by him from what he had received as rents for the property.

The judgment is affirmed.