CASE 112—PETITION EQUITY—JUNE 18.

# Frank v. Unz.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

| 91 | 621 |
| 92 | 492 |

| 91 | 621 |
| 104 | 183 |

| 91 | 621 |
| 119 | 905 |

| 91 | 621 |
| 121 | 28 |

1. UNDER A DEVISE BY A TESTATOR TO HIS WIFE "FOR HER OWN USE
AND THE BENEFIT OF OUR CHILDREN FOREVER," the wife took a life
estate and the children the remainder in fee.   The fact that the wife
was by the will appointed guardian for the children is not sufficient
to show an intention to give the children the present use and enjoy-
ment jointly with their mother.
2. RIGHT OF REMAINDERMEN TO COMPEL LIFE TENANT TO SETTLE
ACCOUNTS AS EXECUTRIX.—Although the children are not entitled
to the use of any part of the estate during the life of their mother,
yet they are entitled to a settlement of her accounts as executrix, that
they may know what estate was left by their father, and, that such a
settlement may be had, the judgment is reversed.

LEWIS N. DEMBITZ, E. S. WATTS FOR APPELLANT.

The devise to the testator's wife "for her own use and the benefit of our
children forever" made the wife a tenant in common with the chil-
dren, and not merely a life tenant with remainder to the children.
(Turner v. Patterson, 5 Dana, 293; Gill's Heirs v. Logan's Heirs, 11
B. M., 234; Carr v. Estill, 16 B. M., 312; Procter v. Smith, 8 Bush,
83; Cessna v. Cessna, 4 Bush, 516; Brown v. Connell, 11 Ky. Law
Rep., 427; Powell v. Powell, 5 Bush, 619; Davis v. Hardin, 80 Ky.,
672; Bullock v. Caldwell, 81 Ky., 566; Smith v. Upton, 12 Ky. Law
Rep., 27; Stillwell v. Leary, 84 Ky., 379; Koenig v. Kraft, 87 Ky.,
95; Webb v. Holmes, 3 B. M., 404; Foster v. Shreve, 6 Bush, 519;
Cureton v. Porter, 7 Ky. Law Rep., 96.)

BYRON BACON, ERNEST MACPHERSON FOR APPELLEE.

The will of Peter Frank creates an estate for life in the wife, remainder
to the children.   (Koenig, &c., v. Kraft, &c., 87 Ky., 100; Davis v.
Hardin, 80 Ky., 672; Webb v. Holmes, 5 B. M., 404; Foster v. Shreve,
6 Bush, 519; Carr and Wife v. Estill, 16 B. M., 309; Holsen v. Rock-
house, 83 Ky., 233; Rich v. Rogers, 14 Gray; Goss v. Eberhart, 29
Ga., 545; Faribault v. Taylor, 5 Jones' Eq., 219.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case is here for a construction of the will of
Peter Frank.   After the payment of debts, he devises

as follows: "The rest and residue of my estate, real, personal and mixed, I give and bequeath to my dear wife, Anna Maria Frank, for her own use and the benefit of our children forever. I hereby appoint, nominate and constitute my wife, Anna Maria, executrix of this my last will, and guardian of our minor children. I request that she may be allowed to qualify without any bond or surety.''

The testator left two children, and one of them, Charles Frank, has filed this petition, claiming a joint interest in this estate with his mother. The principal question is, does this son take an interest equal with the mother, with the right to the present use and enjoyment, or does he take a remainder interest—in other words, is the mother a life tenant of the whole estate?

The chancellor held that she took the estate for life, and in this conclusion we concur. The rule of construction in relation to conveyances and devises by a husband to his wife and children unexplained gives to the wife an estate for life, remainder to the children; for otherwise the bounty of the husband, by the death of the wife, might pass to those strangers in blood to the grantor or testator. This is one reason why the devise in this case should be construed as vesting the wife with a life estate only. The devise, however, does not, by any reasonable construction, vest the wife with a fee to any part of the estate. He gives to his wife the use, not the fee, and this use can last no longer than her life. The residue of my estate I give to my dear wife for her own use *and the benefit of our chil-*

*dren forever.* The children hold forever—that is, are vested with the remainder in fee, subject to the devise made directly to the wife, not in fee, but *for her own use.* The intention of the testator is plain, as much so as if he had, in express terms, devised the estate to his *wife for life,* remainder to his children. This is a much stronger case in favor of the construction given below than any of the cases reported, and must take it without the rule of construction making the devisees joint tenants.

In Koenig v. Kraft, 87 Ky., 95, the devise was to the wife and child for their sole use and benefit. The use and benefit applied to both the wife and child in that case; still it was held that the wife had only a life estate.

In Davis v. Hardin, 80 Ky., 672, it was said, in a conveyance by the husband to *his wife and* children there is no reason to suppose that the husband intended they should take as joint tenants. It may be regarded as settled law, in cases where the devise is by the husband directly to his wife and children, that the wife takes a life estate only, unless there is something else in the will showing a contrary intention.

It is argued that the third clause of the will, by which the testator appoints his wife guardian of his minor children, indicates a purpose to vest in the children a joint interest with the mother. We think such a provision is not sufficient to destroy the plain intent of the testator in a previous clause of the will, by which he devises the *use* of the estate only to his wife. Suppose he had given the estate to the

wife *for life*, remainder to his children, and then appointed her guardian, would such a provision have converted the meaning of the words life estate into a fee-simple? We think not; and further, that a devise directly to the wife of the use of the estate is equally as convincing as to the character of the estate intended to be given the wife as a devise directly for life. Besides, one engaged in the ordinary pursuits of life, and unacquainted with the legal status of wife and children, might very well suppose that such a provision gave to the wife the custody of the children, and was necessary for that purpose; but if this reason is not sufficient, this court, because of the appointment by will of the wife as guardian, would not destroy what was manifestly the intent of the devisor, and that was to give the wife a life interest in his whole estate.

The case of Cureton v. Porter, reported in 7 Kentucky Law Reporter, 96, is unlike this case. There the testator gave all his property to his wife, she to act as guardian, and have full control of his estate without any security being exacted of her. Now, if the testator in that case had made no other devise, it would have been held that the mother took a life estate; but the testator proceeds: "If she should at any time marry, she should *retain one-third* of the estate, the remainder to be equally divided among his four *children*. The testator, in the event of marriage of the wife, was changing the devise, and at the same time making a disposition of his entire estate, and this court held the purpose of the husband was to give the wife one-third absolutely of the estate and

the balance to be equally divided between his children, not in the future, but at the marriage of the wife. The case is unlike the one before us, and does not sustain the views of counsel.

We think, however, this case should be reversed, that a settlement may be had of the accounts of the executrix. No settlement has ever been made, or an inventory of the estate. The appellant is at least entitled to know what estate was left by his father.

Reversed, and remanded that a settlement may be had.