Case 89—PETITION EQUITY—January 16.

# Weaver v. Weaver's Ex'rs.

APPEAL FROM NELSON CIRCUIT COURT.

Where there is a devise by a husband directly to his wife and children, the wife takes a life estate only, unless there is something in the will showing a contrary intention.

　　Under a will directing the executor to take charge of all the testator's estate, real and personal, and after paying debts to deliver the remainder to the widow, "who is requested and expected to manage same to the best advantage in caring for and educating the children and supporting herself," the widow takes a life estate only, remainder to the children.

GEO. S. FULTON for appellant.

The widow takes a fee-simple title to all the remainder of the testator's estate after the payment of debts. The words used by the testator expressing his hope and belief that she would do what was right in the management of it, did not create a trust. (Hill on Trustees, p. 72; 1 Jarman on Wills, secs. 401 and 402.)

NAT. W. HALSTEAD for appellee Shields.

The children and the widow had each by the will a one-third interest in the estate.

JUDGE LEWIS delivered the opinion of the court.

The only question in this case is whether under the will of William T. Weaver his widow is entitled to an estate for life in the real and personal property devised,

remainder to his two children; or, as adjudged by the
Chancellor, each of the three persons take absolutely one-
third thereof. The will is as follows : " I desire that John
W. Shields takes possession of all my estate, both real and
personal, including a policy of insurance on my life of
three thousand dollars ($3,000.00), as executor of this my
last will and testament and manage and dispose of same
to the best possible advantage, that is so much thereof as
may be necessary to pay all my just debts and personal
expenses, and *deliver the remainder to my wife, Mary Eliza
Weaver, who is requested and expected to manage same to the
best advantage in caring for and educating the children and
supporting herself."*

It seems to us the language of the testator makes his
intention to give to his widow a life estate in all the prop-
erty left after paying debts, so plain that there is no need
of resorting to rules of construction. He directs the ex-
ecutor to deliver to her not a part but all the remainder
of his estate, the possession and control of which he
manifestly intended she should have during her life.
No provision is made for either division of the real or
distribution of personal property, which would have to
take place if she and the two children are each entitled
absolutely and presently to one-third. Nor can it be in-
ferred from the language used or any existing condition,
that he intended her to be restricted to the possession and
use of less than the whole estate left after payment of
debts and delivered to her by the executor.

In the case of Frank v. Unz, 91 Ky., 621, the lan-
guage of the will was: " The rest and residue of my
estate, real, personal and mixed, I give to my dear wife,
Ann Maria Frank, for her own use and the benefit of our

Weaver v. Weaver's Ex'rs.

children forever." He also appointed his wife executrix and guardian of the minor children, and requested she be allowed to qualify without security.

In that case, after examining and referring to numerous cases, the opinion was rendered that the widow took under the will a life estate, remainder to the children, this language being used: "It may be regarded as settled law in cases where the devise is by the husband directly to his wife and children that the wife takes a life estate only, unless there is something else in the will showing a contrary intention."

That case we regard as decisive of the question here presented. Indeed, the intention of the testator to give to his widow a life estate is more clearly indicated in this than in that case. For here, unlike that, the estate does not go into possession of the widow as executrix, but what is left after paying debts by an executor appointed for the purpose is directed to be delivered to her; nor is any provision made for a guardian of the infants to take possession of their share of the estate.

It seems to us, both the language of the testator in this case, and settled rules of construction applicable to it, require the will to be construed as giving to the widow a life estate in all the property, real and personal, and therefore the judgment is reversed for proceedings consistent with this opinion.