## Naville, et al., by Robert L. Page, Guardian Ad Litem v. American Machine Co., Mary Ann Naville, and German Insurance Bank.

(Decided November 14, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Wills—Bequest to Daughter for Herself and Children. Forever—Meaning of Word "Children."—A devise to a daughter, naming her, of certain property, describing it, for her to enjoy for herself and her children forever, was intended to give the daughter a fee simple title and the word, "children," as used therein, is a word of inherit-

ance and not of purchase, being used as equivalent to, or in place of the word "heirs."

ROBERT L. PAGE for appellant.

WEHLE & WEHLE for German Insurance Bank.

M. A., D. A. and J. G. SACHS and W. W. DAVIES, EDWARD G. HILL for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

By his last will, which was probated in 1887, Philip Seiler devised all of his property, after making some special bequests to churches and church societies, to his daughter. The language used in making this devise, is as follows:

"The balance of my property, real estate or personal, wheresoever or whatsoever or what nature or kind, I give, devise and bequeath to my beloved daughter, Anna Marie Naville (nee Seiler) for her to enjoy for herself and her children forever."

There passed to Mrs. Naville, under this clause of the will, a certain lot, fronting on the south side of Main street, in Louisville, Kentucky, described as follows: "Beginning at a point on the south side of Main street, 80 feet and 9 inches east of Jackson street, running thence east with said south side of Main street 78 feet and 9 inches, thence extending back south of the same width throughout between lines parallel to Jackson street 204 feet to an alley, together with improvements thereon," etc. After her father's death the improvements on this lot were destroyed by fire, and Mrs. Naville and her husband, in April, 1906, sold and conveyed the vacant lot to the American Machine Co. for $3,700. The company paid $300 in cash and executed a note for $3,400, payable in one year, and bearing interest from date. It was provided in this deed that as Mrs. Naville's children reached their majority they would each execute a quit-claim deed to the company. Those children who have arrived at age have complied with this provision of the deed by executing the quit-claim deed. There are several children still under age. The Machine Company owned other property adjoining this property purchased of Mrs. Naville, and, desiring to erect commodious buildings thereon for the conduct of their business, borrowed from the German Insurance Bank $50,000, and executed a mortgage on all their property, including the lot in

question. This suit was brought by the American Machine Company to have the court determine the character of estate which Mrs. Naville took under her father's will.

Plaintiff asks that it be declared a fee simple title; but in the event the court should hold that less than a fee simple title passed to her, it asks for a sale of the property, and that Mrs. Naville, her husband, their children, and the German Insurance Bank be made parties defendant. Mrs. Naville answered, and claimed that under the will of her father she took a fee simple title, and that she conveyed this to the plaintiff company, and such of her children as had reached their majority had quit-claimed to the plaintiff in compliance with the terms of her agreement with it, as set out in her deed; and she asks for a judgment on her note, with interest, and the enforcement of her vendor's lien. The German Insurance Bank answered, and asserted that Mrs. Naville owned the fee, and asked that its mortgage be adjudged a lien upon the fee, subject only to the vendor's lien for the remainder of the purchase money. A guardian ad litem was appointed for the infant defendants, and for them he pleaded that, under the will of their grandfather, Mrs. Naville took only a life interest in the property, while the remainder was in her children.

On this issue the case was submitted for judgment, and the chancellor was of opinion, and so held, that Mrs. Naville, under this clause of her father's will, took the fee simple title to the property in question, and her children had no interest whatever in it. From that judgment the guardian ad litem for the infant children has prosecuted this appeal.

The correctness of this ruling depends upon the meaning of the word "children," preceding the word "forever," as used in the clause of the will disposing of the residue of testator's estate. In construction the aim of the court is to arrive at the intention of the testator as gathered from the whole instrument. The clause in which the residue of the estate is disposed of is the only clause in which any reference is made by the testator to his daughter, so that no light is thrown upon this question by any other clause of the will. Hence, we must look to the language used by the testator, and from this, taken in connection with the fact that the devise is to his daughter, determine what estate the testator intended her to take.

In Moran v. Dillehay, 8 Bush (Ky.), 434, the court had under consideration the following language:

"I give to my daughter, Harriet Givens, and her children forever, and if she should die and have no heirs of the body, it is my will that all the land and negroes I have given her should go to my daughter, Eleanor Hocker, and her children."

It was held that the words, "I give to my daughter, Harriet Givens, and her children forever," showed the intention on the part of the testator to give to his daughter a defeasible fee, i. e., a fee subject to be defeated only by her dying without issue. And in holding that her children had no interest in the property, the court said:

"In the present case we are well satisfied that the devisor in using the words 'I give unto my daughter, Harriet Givens, and her children forever' meant and intended the words 'children forever' to be words of inheritance only, and used them in the sense of heirs or heirs of the body."

In the later case of Hood v. Dawson, 98 Ky., 285, the testator devised to his nephew certain property, using the following language:

"At the death of my wife, I give to James Willson the farm * * * to him and his children forever, but if he die leaving no children, I give the farm to my nephew," etc.

It was held that this language invested James Willson, the nephew, with the fee, subject to be defeated only upon his dying without issue. The case of Moran v. Dillehay, supra, Lachlands' Heirs v. Downing, 11 B. Mon. (Ky.), 34, and Williams v. Duncan, 92 Ky., 125, were cited with approval as supporting this construction. In holding that the children took nothing under this devise, the court said:

"We conclude from the authorities cited that by the language used in this will * * * an estate in fee simple was created in James Willson, to be defeated only in the event that he should die without children * * * that the further clause 'to him and his children forever' is but descriptive of the estate taken and not intended to introduce new beneficiaries."

Continuing, the court said:

"Quite a number of cases cited by appellant arise under wills made by husbands in favor of their wives and children. They are of such frequent occurrence in the court that they may be almost said to make a class by

themselves. In such cases the constant and uniform tendency of the court has been, in cases where the language was in substance to the wife and children, or the wife and the heirs of her body or issue, to hold that the wife takes a life estate only and that the children take in remainder. The reason assigned by the court for this favorite construction is that otherwise if the wife was to take a part in fee simple, this part of the estate might pass to some stranger in blood to the husband, a possibility not to be supposed consonant to his wishes and intention. This rule has been also applied to cases where the consideration for the conveyance moves from the husband to the grantor.''

The language of the will under consideration is almost identical with that used by the testator in Hood v. Dawson, the one being ''for her and her children forever, and the other ''to him and his children forever;'' and both are very much like the language used by the testator in Moran v. Dillehay. The use by the testator in each of these wills of the word ''forever,'' following the word ''children,'' illustrates the sense in which the word ''children'' was used, i. e., in the sense of ''heirs.'' In the two cases from which we have quoted the court so held. If the word ''children'' were not followed by the word ''forever,'' we would incline to the construction given the language under consideration in Kuhn v. Kuhn, 24 Rep., 112; Mefford v. Dougherty, 189 Ky., 58; Adams v. Adams, 20 Rep., 655; and Carr v. Estill, 16 Ben Mon. (Ky.), 309. In each of these cases the devise was to a blood relation of the testator and his or her children, and the court held that by this language the testator conveyed to the parent a life estate, with remainder in fee to the children, the opinion in these cases being rested upon the declaration that the language was subject to no other construction, there being no other provision in the will indicating a contrary intent on the part of the testator. As stated in Hood v. Dawson, a different construction has invariably been given in that class of cases where a devise is made by a husband to his wife, in which mention is made of the children. In that class of cases the will has almost invariably been construed to convey to the wife a life estate, with remainder to the children, the court being influenced in reaching this conclusion by the idea that a husband would not want his estate to pass into the hands of those strangers in blood to him in the event that his wife died leaving no children

by him living. In Koenig v. Kraft, 87 Ky., 95, Frank v. Unz, 91 Ky., 621, Weaver v. Weaver, 92 Ky., 491, and Poland v. Chism, 23 Ky. Law Rep., 1072, this court has so held.

From the foregoing we are enabled to divide the decisions of this court, bearing upon the question under consideration, into three general classes: First, devises by a father or mother to a son, daughter, or blood relation, in which the language "to him and his children forever" is used; second, devises to a blood relation and his children where the word "forever" is not used following the word "children;" and third, devises by a husband to his wife and her children. In all those cases falling within the first class the word "children" has been construed as meaning "heirs," and under this construction it has been held that they took no interest in the property devised. In the second class of cases it has been held that the children took a fee, subject to the life estate of their parent. And in the third class of cases the children have been held to take the fee and the parent the life estate, the opinion in the cases falling within this class being rested, as stated, upon the idea that the testator, while wanting his wife to have the full use, benefit and enjoyment of his property during her life, would not want it, after her death, to pass to those strangers in blood to him.

Of course, in the multiplicity of suits involving the construction of wills, many cases will be found that are not properly assignable to any of these classes. Other clauses in the will frequently throw some light upon the clause submitted for construction, and in such cases the court can be governed by no fixed rule, but must determine from the language used in the will as a whole the character of estate devised.

In Webb & Harris v. Holmes, 3 Ben Mon., 404, the devise was to the mother and her children forever, but because of other language in the will showing an intent on the part of the testator that the mother should take only a life estate and the children the remainder, the court so decided. But in the absence of this other language, which exercised a controlling influence in the construction of that will, it would undoubtedly have been held to fall within the first class. Smith v. Smith, 119 Ky., 899, and Harkness v. Lyle, 132 Ky., 767, also illustrate this principle.

Appellant cites and relies upon the cases of Hall v.

Wright, 121 Ky., 16, Crew v. Glasscock, 107 S. W., 237, and Baskett v. Sellers, 93 Ky., 3, in which the court had under consideration the construction of a deed in which the children of the grantee are mentioned as parties, or, whose names appear in the granting or habendum clause. An examination of these cases shows that they do not fall within any of the three classes named; but in each that construction was adopted by the court which carried out the intention of the grantor, as appeared from an inspection of the entire instrument.

We are of opinion that by clause 7 of the will of Philip Seiler the testator intended to give to his daughter the fee simple title to all the property which passed to her under this clause, and that the word "children," as used therein, is a word of inheritance and not of purchase, being used as equivalent to, or in place of, the word "heirs."

The chancellor having so held, the judgment is affirmed.