## Dicken, etc. v. Dicken.

(Decided January 8, 1913.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, Second Division).

Wills—Devise to Daughter and Her Children for Their Use and Benefit Forever—Construction.—Under a devise by a father to his daughter "and her children for their use and benefit forever" the daughter takes a fee simple.

BAYLOR LANDRUM for appellants.

L. W. GATES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. H. Krone died a resident of Jefferson County, Kentucky, on August 22, 1906. His wife, Gertrude Krone, died in the year 1901. In the year 1886, J. H. Krone made a will, to which he afterwards added two codicils, which relate entirely to the appointment of his executor. The will, which was duly probated in the Jefferson County Court, is as follows:

"In the name of God, Amen.

"I, John H. Krone, of Louisville, Ky., being of sound and memory, make, publish and declare this as my last will and testament, hereby revoking all former wills and testaments by me at any time heretofore made.

"1. I desire all my just debts and funeral charges paid out of my estate by my executor as soon after my decease as possible.

"2. I give to the St. Martin's Church (Catholic) of Louisville, Ky., One Hundred Dollars ($100.00).

"3. I give to the Pastor, Rt. Rev. F. Zables or his successor of St. Martin's Catholic Church of Louisville, Ky., One Hundred Dollars ($100.00) for which he is to read holy masses for the family of J. H. Krone.

"4. The balance of my property that I may possess at the time of my decease, Real, personal, Whatsoever and Wheresoever I give to my beloved wife, Gertrude Krone, for her sole use and benefit during a natural life or so long as she remains my widow. Should she marry again I give her one-third part. My beloved wife, Gertrude Krone, must pay all the taxes and keep the property in good repair. After the death of my beloved wife, Gertrude Krone, I give all the property to my daughter, Mary Christina Dicken (nee Krone) and her children for their use and benefit forever.

"5. I hereby appoint my friend, H. H. Rademaker, as executor of this my last will and testament.

"Witness my signature this, the 11th day of January, in the year of our Lord, One Thousand Eight Hundred and Eighty-six. January 11, 1886."

This action was brought by Mary Christine Dicken, the testator's daughter, against her children for the purpose of having determined what estate she took under her father's will. The chancellor held that she took a fee simple, and from that judgment three of her children, who were under age, prosecute this appeal.

It will be observed that the testator first devised all of his property to his wife for life or during her widowhood. In case his wife married again, he gave her a one-third part. He further provided that his wife should pay all the taxes and keep the property in good repair. Then follows the particular language to be considered, viz: "After the death of my beloved wife, Gertrude Krone, I give all the property to my daughter, Mary Christina Dicken (nee Krone), and her children for their use and benefit forever."

In the recent case of Naville, et. al., by etc., v. American Machine Co., etc., 145 Ky., 344, the question before the court was what estate did Anna Marie Naville (nee Seiler), take under the will of her father, Philip Seiler, which provided as follows:

"The balance of my property, real estate or personal, wheresoever or whatsoever or what nature or kind, I give, devise and bequeath to my beloved daughter, Anna Marie Naville (nee Seiler), for her to enjoy for herself and her children forever."

It was held that Anna Marie Naville took a fee simple estate. After referring to the cases of Moran v. Dillehay, 8 Bush, 434, Hood v. Dawson, 98 Ky., 285, Lachlands' Heirs v. Downing, 11 B. Mon. 34, and Williams v. Duncan, 92 Ky. 125, the court said:

"The language of the will under consideration is almost identical with that used by the testator in Hood v. Dawson, the one being 'for her and her children forever,' and the other 'to him and his children forever;' and both are very much like the language used by the testator in Moran v. Dillehay. The use by the testator in each of these wills of the word 'forever,' following the word 'children,' illustrates the sense in which the word 'children' was used, i. e., in the sense of 'heirs.' In the two cases from which we have quoted the court so held. If the word 'children' were not followed by the word 'forever,' we would incline to the construction given the language under consideration in Kuhn v. Kuhn, 24 Rep., 112; Mefford v. Dougherty, 89 Ky., 58; Adams v. Adams, 20 Rep. 655; and Carr v. Estill, 16 Ben Mon. (Ky.), 309. In each of these cases the devise was to a blood relation of the testator and his or her children, and the court held that by this language the testator conveyed to the parent a life estate, with remainder in fee to the children, the opinion in these cases being rested upon the declaration that the language was subject to no other construction,

there being no other provision in the will indicating a contrary intent on the part of the testator. As stated in Hood v. Dawson, a different construction has invariably been given in that class of cases where a devise is made by a husband to his wife, in which mention is made of the children. In that class of cases the will has almost invariably been construed to convey to the wife a life estate, with remainder to the children, the court being influenced in reaching this conclusion by the idea that a husband would not want his estate to pass into the hands of those strangers in blood to him in the event that his wife died leaving no children by him living. In Koenig v. Kraft, 87 Ky., 95, Frank v. Unz, 91 Ky., 621, Weaver v. Weaver, 92 Ky., 491, and Poland v. Chism, 23 Ky. Law Rep., 1072, this court has so held.

"From the foregoing we are enabled to divide the decisions of this court, bearing upon the question under consideration, into three general classes: First, devises by a father or mother to a son, daughter, or blood relation, in which the language 'to him and his children forever,' is used; second, devises to a blood relation and his children where the word 'forever' is not used following the word 'children;' and third, devises by a husband to his wife and children. In all those cases falling within the first class the word 'children' has been construed as meaning 'heirs,' and under this construction it has been held that they took no interest in the property devised. In the second class of cases it has been held that the children took a fee, subject to the life estate of their parent. And in the third class of cases the children have been held to take the fee and the parent the life estate, the opinion in the cases falling within this class being rested, as stated, upon the idea that the testator, while wanting his wife to have the full use, benefit and enjoyment of his property during her life, would not want it, after her death, to pass to those strangers in blood to him."

The language of the will under consideration cannot be distinguished from that employed by the testator in the case mentioned above. The word "children" being followed by the word "forever," we conclude that this case falls within the first class of cases referred to, and that the word "children," being used in the place of the word "heirs," must be construed as a word of inheritance and not of purchase. It, therefore, follows that the

chancellor correctly adjudged that Mary Christine Dicken took a fee simple estate under her father's will.

Judgment affirmed.