## Forester v. Werner, et al.

(Decided February 20, 1917.)

Appeal from Daviess Circuit Court.

1. Wills—Devise to Wife for Life—Construction.—Where a testator devises all of his property to his wife to be held, used and enjoyed

by her during her natural life, with power and authority, if she deems it necessary, to sell and convey the corpus of the property, she is entitled to all of the income from the property during her life, and the remaindermen are not entitled to any of it.

2. Wills—Devise of Remainder—Construction.—Where a testator devises property in remainder after the life estate of his widow to his daughter for her natural life, but if she should die without leaving children then to the testator's other children, the daughter does not take a defeasible fee in remainder to her portion of the property, but is vested with only an interest in it for her life.

T. F. BIRKHEAD for appellant.

W. P. SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Charles Werner, a citizen of Daviess county, died testate while domiciled therein, and on October 19, 1908, his will was duly probated in the county court of that county. He left surviving him his widow, one son and three daughters, one of whom is the appellant (plaintiff) Mrs. Wilhelmina Forester.

Claiming that the will gave to the widow only the right to a support and maintenance from the property devised to her, and that the accumulations from the income of the property above the expenses of its keep, and such maintenance and support, constitute a trust fund for the benefit of the testator's children, plaintiff brought this suit against the widow individually, and as executrix of the will, and the other children of the testator to recover of the widow one-fourth of such net proceeds, and to have the will construed to mean that she took a defeasible fee in the remainder of the property, after the death of the widow.

A demurrer filed to the petition was overruled upon the ground that the plaintiff had a right to maintain the suit for the purpose of obtaining a construction of the will. The case was then submitted to the court upon the pleadings and exhibits and a judgment rendered denying the right of the plaintiff or any of the children of the testator under the terms of the will to any interest in any of the net proceeds of the property accumulated since the death of the testator, and further adjudging that the plaintiff under the terms of the will took only a life estate in remainder after the death of her mother in one-fourth of the property devised.

Seeking a reversal of that judgment, plaintiff prosecutes this appeal.

That part of the will governing the interest which the widow takes under it is found in its first clause, and so far as pertinent to the question it is: "First: I desire and bequeath to my beloved wife, Sophia Werner, all the property and estate, real, personal and mixed and choses in action of which I may die seized and possessed, to be held, used and enjoyed by her during her natural life, she shall have power if she deems it necessary for her support and maintenance to sell and dispose of any of said property and make a good and perfect title thereto to purchasers and to collect rents and any and all debts due to me, to repair the property and to do whatever is necessary for its preservation."

The latter part of the clause appoints the widow the executrix of the will during her life, or so long as she has the capacity to act as such, with the request that she not be required to execute bond touching any matter or thing which she may do in the management and control of the testator's estate.

The second clause of the will charges each of the testator's children with advancements, and in the third clause it is directed that such of his estate as might remain undisposed of should be equally divided amongst his children, after charging them with the advancements mentioned in the second clause. In this clause, however, the interest of the plaintiff to the one-fourth of the property devised to her is restricted and limited by the following language:

"To my executors herein named an undivided one-fifth part of said estate; less the amount charged to my daughter, Mrs. Forester, in the second paragraph of this will; to be held in trust by them for the use and benefit of my said daughter, Wilhelmina Forester, wife of Rudolf Forester, for and during her natural life, and in case of her death, leaving children, then said undivided one-fifth interest shall descend and pass to such children, but in the event my said daughter shall die without children then and in that event said undivided one-fifth interest shall pass and belong to my heirs at law. My executors as trustees under this provision of this will are to pay to my said daughter, Mrs. Forester, the income, rents and profits of said undivided one-fifth interest in my said estate during her natural life, but

same shall be for her sole and separate use, free from the debts or control of her said husband or of any future husband that she may have, and neither my said daughter nor her husband shall have any further control or power over same.''

By the fourth clause the testator appointed his son, William E. Werner, and his son-in-law, George Sandifur, executors of his will after the death of his widow for the purpose of making the division of his estate provided for upon the happening of that event, and they are also constituted trustees for the plaintiff and also for a son, Charles Werner, who was then living, but has since died. A codicil written after the death of Charles Werner directed that the estate be divided, after the death of the widow, among the four surviving children.

The cardinal rule in the construction of wills is to ascertain the intention of the testator and to construe it in accordance with such intention, and a rule of equal force is that in arriving at the intention of the testator the language employed by him should receive its fair, usual and ordinary meaning. When the construction under the application of these rules is plain and unambiguous, it cannot be varied or altered by any technical rules sometimes employed and useful only where there exists an ambiguity or the language is so obscure that its meaning is more or less hidden or doubtful.

Looking now to the first clause of the will, we find that the testator devised all of his property to his wife, ''to be held, used and enjoyed by her during her natural life.'' Further on, and in the same clause, it is provided that ''if she deems it necessary for her support and maintenance'' she shall have power to sell and dispose of any of the property and make a perfect title thereto. Language more easily understood could scarcely be used. Manifestly the comfort of his widow during her life was uppermost in the mind of the testator, and for fear that the income from the property might, from some cause, be so reduced as to impair her resources, he provided that she should have power and authority to sell and dispose of the corpus of the property as she deemed necessary. There is given to her not only an absolute estate in the property during her life, but she is permitted, if she deems it necessary, to dispose of it. Clearly, then, the entire income of the property belongs to her, charged only with the expense of its upkeep. It

in no sense becomes a part of the estate of the testator, and if the widow so desires she may withhold any of it from her children and dispose of it, either by will or otherwise, as she pleases. It appears, however, that she has distributed about $10,000.00 of the accumulations among her children, plaintiff claiming that she has been given $480.00 less than the others, which amount she seeks to recover from her mother in this case. The property represented by the income, and which make up the accumulations, being that of the widow, as we have seen, neither plaintiff nor any of the children have any claim upon her for any part of it, and what she has paid to them was a gratuity only. If, however, it were otherwise, the plaintiff would have no standing in this suit to recover any part of it, because her interest, as we have seen, is devised to trustees, and they, and not she, would be the ones to sue to recover it. Having determined that the widow owns the income individually and not as trustee for her children, it becomes unnecessary to consider the duties of trustees or the rights of *cestui ques trust* discussed by counsel for plaintiff in his brief.

The next contention is that the plaintiff, under the terms of the third clause of the will, from which we have quoted, takes a defeasible fee in her portion of the property, and in support of this we are referred to that line of cases holding that where an estate in remainder is devised to one, conditioned upon him dying without issue, and in that event to another, the dying without issue refers to the happening of that event during the life of the owner of the particular estate. This rule is so familiar as not to require a citation of the many cases from this court upholding it. But, after all, it is one created by the law for the purpose of arriving at the supposed intention of the testator, and when he uses language clearly showing a contrary intention, there is no room for the application of the rule. In this case the testator, by the express terms of his will confined the interest of the plaintiff in the part of his property devised to her "for and during her natural life." Had it not been for the use of this clause, the rule contended for would apply. In none of the cases relied on is the interest in the property limited by the clause quoted or any similar one. We do not have to deal in inferences as to the intention of the testator concerning the char-

acter of estate which the plaintiff is to have in her portion of her father's property, because he has expressly said what that estate should be, which is one for her natural life.

Fully coinciding with the court in its construction of the will involved, upon all of the points contended for, its judgment is affirmed.