## Eakins, et al, v. Eakins.

(Decided March 22, 1921.)

### Appeal from Henderson Circuit Court.

1. Wills—Construction—Devise of Life Estate and Remainder—Limitation of Remainder—"Dying Without Children or Issue."—Where

an estate is devised to one for life with remainder to another, with the further provision that if the remainderman should die without children or issue, then to a third person, the words, "dying without children or issue," have reference to the death of the remainderman before the termination of the life estate, and if the remainderman survive the life tenant, his estate becomes absolute. but this rule applies only where the remainderman is devised a defeasible fee, and not where he is devised a mere life estate.

2. Wills—Estates · Created—Fee Simple—"Children" as "Heirs."— Ordinarily a devise by a father to his daughter and her children is construed as giving the daughter a life estate and her children the remainder in fee, but where the word, "children," is followed by the word, "forever," "children" is construed as "heirs," and the daughter is held to take the fee; and particularly is this true where the testator in other clauses of the will used words appropriate to the creation of a life estate, thus showing that, when he desired to create a life estate, he knew what words to employ for that purpose.

3. Wills—Devise of Life Estate and Remainder—"Dying Without Children or Issue"—Estate Created—Fee Simple—"Children" as "Heirs."—Testator devised all of his property to his wife for life and the remainder in a particular tract to his daughter and her children, "to have and to hold unto my said daughter, Sarah E. Eakins, and her children forever, but should she die without issue, then this land to revert to my estate:" Held, that the daughter took a defeasible fee subject to be defeated by her death without issue during the lifetime of her mother, the life tenant, and having survived her mother, her title ripened into an absolute fee.

YEAMAN & YEAMAN for appellants.

HENSON & TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This appeal involves the construction of the tenth clause of the will of Enoch G. Eakins, who died a resident of Henderson county in the year 1905.

The testator was survived by his wife and several children and grandchildren. He devised to his children and grandchildren certain tracts of land subject to the life estate of their mother.

In clause two the devise is to "George M. Eakins and his children," followed by the words, "to have and to hold unto the said George M. Eakins for and during his natural life with remainder at his death to go to his children aforesaid."

In clause three the devise is to "Elmira Ligon and her children," followed by the words, "to have and to hold

unto my daughter, Elmira Ligon, for and during her natural life with remainder to her children, and if they, the children, die without issue then this land to revert to my estate."

In clause four the devise is to "my grandchildren, Mamie Ernestine and Isaiah E. Eakins," followed by the words, "to have and to hold unto them and their children, but should either die without issue, the part of the one so dying to go to the survivor or survivors and should they all die without issue, then said land is to revert to my estate."

In clause five the devise is to "my daughter, Birdie M. Denton," followed by the words, "to have and to hold unto Birdie M. Denton and her children and should she die without issue then this land to revert to my estate."

In clause six the devise is to "my daughter, Gabriella S. Hester," followed by the words, "to have and to hold unto my said daughter, Gabriella S. Hester, and her children and should she die without children then this land to revert to my estate."

In clause seven the devise is to "my daughter, Minerva S. Prow," followed by the words, "to have and to hold unto the said Minerva S. Prow and her children, and if she die without issue or children, then this land to revert to my estate."

In clause eight the devise is to "my grandchildren, Roscoe Ligon, Roy S. Ligon and Irene Ligon," followed by the words, "to have and to hold unto my said grandchildren, Roscoe, Roy S. and Irene Ligon and in the event of the death of either of them the survivor or survivors of them to take the part of the one so dying, and in the event of the death of all of them without issue then this land to revert to my estate."

In clause nine the devise is to "my grandson, Edward Eakins," followed by the words, "to have and to hold unto the said Edward Eakins and his children forever, and should he die without issue then I wish this land to revert to my estate."

Clause ten, omitting the description of the land devised, is as follows:

"Tenth: I give and bequeath to my daughter, Sarah E. Eakins, wife of F. M. Eakins, and her children, the following tract of land, being part of the land on which I now reside, to-wit: (Here follows description.)

"To have and to hold unto my said daughter, Sarah E. Eakins, and her children forever, but should she die without issue, then this land to revert to my estate."

In clause eleven the devise is to "my son, Samuel C. Eakins, and his children," followed by the words, "to have and to hold unto my son, Samuel C. Eakins, and his children forever but should he die without children then this land to revert to my estate."

In clause twelve the devise is to "my grandchildren, Stella and Napoleon Eakins," followed by the words, "to have and to hold unto my son, Enoch M. Eakins, and his children forever but should he die without children then this land is to revert to my estate."

In clause thirteen the devise is to "my son, Enoch M. Eakins and his children," followed by the words, "to have and to hold unto the said Enoch M. Eakins and his children forever but should he die without issue then this land to revert to my estate."

Clause fourteen is as follows:

"I give and bequeath unto my beloved wife, Harriet M. Eakins, for during her natural life all the land mentioned and described in the above bequests being all of the land on which I now reside she to have the control and use thereof and all the profits issuing out of same for and during her natural life. The above bequests to take effect after the death of my wife Harriet M. Eakins it being my intention that my said beloved wife shall have a life estate in all my land and when she dies then it is my will and desire that said land shall be apportioned and divided between my children in the manner and in the *propotion* as above set forth that I might the more successfully carry out and execute this design. I have had R. Scrogin Eastin to plat and survey my said land giving to each of my children by metes and bounds their separate portions and this will is drawn in pursuance of said survey and I hereby refer to same and make it a part of this my will in so far as it allots by metes and bounds the several portions herein devised subject however to the restrictions and limitations herein made. In testimony whereof witness my hand this 31st day of July, 1903."

Harriet M. Eakins, the testator's widow, died in January, 1910. At that time Sarah E. Eakins was alive and had one child, Minnie Eakins, who died without issue in October, 1910.

In the year 1910, Sarah E. Eakins and her husband mortgaged the thirty-eight acres of land devised to her by her father to Anna M. Farley, and in the year 1914 another mortgage was executed by them to N. P. Taylor. Thereafter, suit was brought by Anna M. Farley against Sarah E. Eakins and her husband to enforce her mortgage lien.   On November 25, 1918, the property was sold and Lee Eakins became the purchaser at  the  price  of $891.15.

During the progress of that action Sarah E. Eakins died.

This suit was brought by G. M. Eakins and others, heirs at law of the testator, Enoch G. Eakins,. against Lee Eakins, the purchaser, to recover the land, on the ground that the title passed to them at the  death of  Sarah E. Eakins.   The   petition   was  dismissed   and  plaintiffs appeal.

It has long been the settled rule in this state, that where an estate is devised to one for life with remainder to another, with the further provision that if the remainderman should die without children or issue, then to a third person, the words, "dying without children or issue," have reference to the death of the remainderman before the termination of the life estate, and if the remainderman survive the life tenant, his estate becomes absolute.   Birney v. Richardson, 5 Dana 424; Bradshaw v. Williams, 140 Ky. 163, 130 S. W. 985.   Of course this rule applies only where the remainderman is devised a defeasible fee, and not where he is devised only a life estate, for the life estate would necessarily terminate whenever the remainderman died, and in no event could ripen into a fee.   Forester v. Werner, 174 Ky. 180, 191 S. W. 884.   We must therefore determine what estate Sarah E. Eakins took under the will.   Ordinarily a devise by a father to his daughter and her children is construed as giving the daughter a life estate and her children the remainder in fee.   Kuhn v. Kuhn, 68 S. W. 616, 24 Ky. L. Rep. 112; Mefford v. Dougherty, 89 Ky. 58, 25 A. S. R. 221, 11 S. W. 716; Carr v. Estill, 16 B. Mon. 309, 63 Am. Dec. 548.   But where the word, "children," is followed by the words, "forever," "children" is construed as "heirs," and the daughter is held to take the fee. In the case of Dicken v. Dicken, 151 Ky. 438, 152 S. W. 258, 43 L. R. A. (N. S.) 276, the will was as follows:

"After the death of my beloved wife, Gertrude Krone, I give all the property to my daughter, Mary Christina Dicken and her children for their use and benefit forever." It was held that Christina Dicken took the fee. In the case of Naville v. American Mach. Co., 145 Ky. 344, 140 S. W. 559, 37 L. R. A. (N. S.) 153, the devise was "to my beloved daughter, Anna Maria Naville, for her to enjoy for herself and her children forever." This language was held to vest Anna Maria Naville with the fee simple title. In the foregoing cases there was no limitation over in case the remainderman died without issue, but the same rule applies where there is a limitation over, the only difference being that the remainderman takes a defeasible fee and not an absolute estate. Thus, in Moran v. Dillehay, 8 Bush 434, the will was as follows: "I give unto my daughter, Harriet Givens, and her children forever, and if she should die and have no heirs of her body, it is my will that all the land and negroes I have given her should go to my daughter, Eleanor Hocker, and her children." It was held that Harriet Givens took a defeasible fee. In the case of Hood v. Dawson, 98 Ky. 285, 33 S. W. 75, the testator, in devising certain property to his nephew, used the following language: "At the death of my wife I give to James Wilson . . . the farm . . . to him and his children forever, but if . . . (he) shall die leaving no child nor children, . . . I give said farm to my two nephews," etc. It was held that this language invested James Wilson with the fee subject to be defeated by his death without issue. Not only is the language of the will under consideration substantially the same as that employed in Moran v. Dillehay and Hood v. Dawson, but other features of the will incline us to adopt the same construction. In three different clauses the testator used words appropriate to the creation of a life estate. It is clear, therefore, that when he wanted to create a life estate, he knew what words to employ for that purpose. If he had intended a mere life estate in Sarah E. Eakins, the most natural thing for him to have done would have been to use the same language employed to create a life estate in others. Instead of doing this he left out the words, "for and during her natural life," and added the word, "forever," after the word, "children." We therefore conclude that Sarah E. Eakins took a defeasible fee subject to be defeated by her death without issue during the

lifetime of her mother, the life tenant, and having survived her mother, her title ripened into an absolute fee which passed to Lee Eakins, the purchaser, by virtue of the judgment rendered in the suit to enforce the mortgage lien. That being true, it follows that plaintiffs were not entitled to recover the land and the petition was properly dismissed.

Judgment affirmed.