## Williams v. Ohio Valley Banking & Trust Company.

(Decided December 2, 1924.)

### Appeal from Henderson Circuit Court.

1. Deeds—"Heirs of Body" Construed as Creating Statutory Fee Simple Estate Unless Different Intention Inferable from Language. —The words "heirs of the body" and other similar expressions, are words of limitation to be construed as creating an estate tail, which by Ky. Stats., sections 2342, 2343, is converted into a fee simple estate, unless it can be inferred that words were used in different sense.

2. Deeds—"Children" Construed as "Heirs" When Followed by Word "Forever," Unless Instrument Indicates Different Intention.—The word "forever" has a strictly technical meaning, and, when word "children" is followed by it, the two words are construed as words of limitation and not of purchase, unless there is something in instrument to indicate a different intention on part of maker.

3. Deeds—"Heirs of Body" Creates Fee Simple Estate when Followed by Word "Forever."—Where the phrase "heirs of body" is followed by word "forever," it signifies an indefinite succession of posterity which, in absence of language clearly indicating contrary intention, must be construed as creating an estate tail which the statutes convert into a fee simple.

4. Deeds—Grant to One and "Heirs of Her Body Forever" Construed as Creating Fee Simple where Intention of Grantor Doubtful.— Where deed conveyed life estate to certain persons with remainder in fee to another and "heirs of her body forever," there being reasonable doubt as to intention of grantor and his knowledge of manner of creating estates, under Ky. Stats., sections 2342, 2343, court will construe instrument to pass fee to grantee.

ROBERT D. VANCE, W. P. McCLAIN and VANCE & HEILBRONNER for appellant.

DORSEY & DORSEY and YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a suit to settle the estate of Maria L. Bethel and to foreclose certain real estate mortgage liens executed by her, the appellant, one of the children of Maria Bethel, filed an answer and counterclaim, asserting that one of the tracts of land mentioned was owned by the heirs at law of the testatrix, and that the mortgage executed thereon by testatrix and sought to be enforced in the action was void. A demurrer was sustained to this pleading and she has appealed.

A decision of the case turns upon the construction of the deed executed by Wm. McAllister and wife in February, 1869. So far as pertinent the deed reads:

"This indenture made and entered into this 10th day of February, 1869, between Wm. McAllister and Nancy Jane McAllister, his wife, of the first part, and Benjamin Talbott and Orinda Talbott, his wife, of the second part, and Maria Bethel of the third part.

WITNESSETH: That the party of the first part for and in consideration of the sum of $10,000.00 . . . have granted, bargained and sold, and by these presents do grant, bargain, sell and convey to the said Benjamin Talbott and to Orinda Talbott, his wife, during their natural lives and the life of the survivors of them, with remainder in fee to Maria Bethel and the heirs of her body . . . to have and to hold said tract or parcel of land to the said Benjamin and Orinda Talbott for and during the term of their natural lives and the life of the survivors of them and the remainder therein to the said Maria Bethel and to the heirs of her body forever . . ."

It is alleged that at the time of the execution of this deed Maria Bethel was married and had living children, and that her father, Benjamin Talbott, was desirous of providing for her and her children, and also of preventing any curtesy interest in her real estate vesting in her husband; that he was an ordinary farmer, not skilled in the use of technical language and used the words "heirs of her body" in the same sense as "children" and they should be construed as words of purchase and not of limitation; that thereby Maria Bethel was conveyed a life estate with remainder in her children, or at most a joint estate in her and her children.

In applying the familiar provisions of sections 2342 and 2343, Ky. Statutes, it has generally been held in this court that the phrases "heirs of the body," "heirs lawfully begotten of the body" and other similar expressions are appropriate words of limitation, and are to be construed as creating an estate tail, which by the statute is converted into a fee-simple estate, unless there be something else in the deed or will from which a reasonable inference can be drawn that the words were used in a different sense from their technical and legal signification. Johnson v. Johnson, 2 Met. 331; Pruitt v. Holland, 92 Ky. 641; Pelphrey v. Williams, 142 Ky. 485; Hall v. Moore, 32 Rep. 56; Handy v. Harris, 32 Rep. 224; Davis v. Davis, 23 Rep. 1132; McGinnis v. McGinnis, 16 Rep. 598; Louisville Trust Co. v. Erdman, 22 Rep. 729; Lawson v. Todd, 129 Ky. 132; Belcher v. Ramey, 173 Ky. 784.

On the other hand, where it is ascertained from other language of the instrument that such was the intention of the maker, the phrases "bodily heirs" and "heirs of

the body" have frequently been held as synonymous with the word "children" and therefore construed as words of purchase, giving to the first grantee a life estate, with remainder to the children, or creating a joint estate in them as the case may be. Prescott v. Prescott's Heirs, 10 B. M. 56; Brann v. Elzey, 83 Ky. 440; Righter v. Forrester, 1 Bush. 278; Fletcher v. Tyler, 92 Ky. 145; Combs v. Eversole, 23 Rep. 932; American National Bank v. Madison, 144 Ky. 153.

It is argued that, while there is nothing in the deed to indicate a purpose to convey a life estate to Maria Bethel, the extraneous circumstances pleaded in the answer are to be taken as true, and that, in the light of the circumstances surrounding the execution of the deed, it is evident that Benjamin Talbott was undertaking to care for his daughter and her children then alive, as well as others that might be borne thereafter; that in so doing it would have been unnatural for him to have intended to have granted a fee to the daughter, and it cannot be presumed that he intended to violate the statute by creating an estate tail; that therefore the deed should be construed as conveying a life estate to Maria Bethel, with remainder to her children.

If we assume that a proper case is made out for the introduction of the extraneous evidence suggested, it must not be overlooked that the habendum was, "to the said Maria Bethel and to the heirs of her body *forever,*" and that the word *"forever"* is also a technical word of limitation, even when it follows the word "children."

In Naville v. American Machine Co., 145 Ky. 344, the language of the will was, "to my beloved daughter Anna . . . for her to enjoy for herself and her children *forever.*" The court collated many of the preceding authorities, and held that as thus qualified the word *"children"* was used in the sense of "heirs" and that thereby a fee was vested in the grantee; and laid down the following classification in the construction of gifts and devises to a person and his children:

> "From the foregoing we are enabled to divide the decisions of this court, bearing upon the question under consideration, into three general classes: First, devises by a father or mother to a son, daughter or blood relation, in which the language 'to him and his children forever' is used; second, devises to a blood relation and his children, where the word

'forever' is not used following the word 'children,' and third, devises by a husband to his wife and her children. In all those cases falling within the first class the word children has been construed as meaning 'heirs' and under this construction it has been held that they took no interest in the property devised. In the second class of cases it has been held that the children took a fee, subject to the life estate of their parent. And in the third class of cases the children have been held to take the fee and the parent the life estate, the opinion of the cases falling within this class being rested, as stated, upon the idea that testator, while wanting his wife to have full use, benefit and enjoyment of his property during her life, would not want it after her death to pass to those strangers in blood to him.''

Hood v. Dawson, 98 Ky. 285; Moran v. Dillehay, 8 Bush 434; Williams v. Duncan, 92 Ky. 125; Lachland's Heirs v. Downing, 11 B. M. 34, are cited in support of the first proposition; Kuhn v. Kuhn, 24 Rep. 112; Adams v. Adams, 20 Rep. 655, and Carr v. Estill, 16 B. M. 309, in support of the second; Koeing v. Kraft, 87 Ky. 95; Frank v. Unz, 91 Ky. 621; Weaver v. Weaver, 92 Ky. 491, and Poland v. Chism, 23 Rep. 1072, in support of the third.

That classification was followed and approved in Dickinson v. Dickenson, 151 Ky. 438, where the following words were held to create a fee simple in the daughter: "To my daughter Mary Christian Dicken (nee Krone) and her children for their use and benefit forever," and in Eakins v. Eakins, 191 Ky. 62, wherein the words were "to have and to hold unto my daughter Sarah E. Eakins and her children forever."

It thus appears that the word "forever" has a strictly technical meaning, and that when followed by it the word "children" is held to mean "heirs" and that the two words "children forever" are construed as words of limitation and not of purchase, unless there is something in the instrument to indicate a different intention upon the part of the maker.

A fortiori, where the phrase "heirs of the body" is followed by the word "forever" it signifies an indefinite succession of posterity, which, in the absence of language clearly indicating a contrary intention, must be construed as creating an estate tail, which the statutes converts

into a fee simple, and this rule is recognized in Combs v. Eversole, 23 Rep. 1499, and American Bank v. Madison, 144 Ky. 152, relied upon by appellant, though under the language of the instruments there considered the court found an intention not to create a fee in the grantee; hence if the relationship and status of the parties existed as claimed in this case, such relationship alone is insufficient to indicate that the words quoted *supra* were not used in their legal sense, and there is no other language in the will that can be so construed. Indeed, the fact that Benjamin Talbott and his wife were granted life estates in the deed indicates that he knew how such estates were created, and negatives the idea that he was intending to create a similar estate in his daughter. Even if uncertain as to the correct conclusion the rule is where there exists a reasonable doubt as to the intention of the maker the court will follow the provisions of section 2342, *supra,* and construe the instrument to pass a fee to the grantee. Lawson v. Todd, *supra;* Edwards, &c. v. Cave, 150 Ky. 272; Moore v. Sleet, 113 Ky. 600; Baxter v. Bryan, 123 Ky. 235; Belcher v. Ramey, *supra.*

We conclude that the chancellor did not err in holding that the deed gave a fee in the land to Maria L. Bethel, and in sustaining a demurrer to the answer and cross-petition of appellant.

Wherefore, judgment is affirmed.