## Hall et al. v. Spencer et al.

February 17, 1950.

M. L. Blackwell, Judge.

Pentecost & Dorsey for appellant.

Odie Duncan for appellee.

CLAY, COMMISSIONER—Affirming.

This suit involves the ownership of 48 acres of land devised under the will of Enoch Eakins. Appellants are his heirs and the principal appellee asserts title through Birdie M. Denton (Spencer), one of his daughters.

Enoch died in 1905, leaving a will which devised his wife a life estate in all his land. He directed that upon her death "said land shall be apportioned and divided

between my children," of whom there were several. He attached to his will a survey setting out by metes and bounds the several portions which were to pass to his children. The fifth clause of the will provided:

"I give and bequeath unto my daughter, Birdie M. Denton wife of Elmer Denton, the following tract of land, being part of the land on which I now reside, to-wit: (Description).

"To Have and to hold unto Birdie M. Denton and her Children and should she die without issue then this land to revert to My estate."

Enoch's wife died in 1910, and Birdie took possession of the land set apart for her. She died in 1943 without issue.

The question in the case is whether Birdie had a life estate, a defeasible fee which reverted to her father's estate when she died without issue, or a fee simple title to the property upon her mother's death.

Appellant contends it was the manifest intention of the testator that the devise to his children was not to become effective until the death of his widow, and at that time Birdie became vested only with a "contingent fee" which could be defeated by her dying without issue. On the other hand, appellee contends Birdie was vested with a contingent remainder at the death of her father, the contingency being her demise without *issue prior to the death of the life tenant, her mother.*

It is the generally accepted rule in Kentucky: where an estate is devised to one for life with remainder to another, with an alternate remainder to a third person in the event the first remainderman dies without issue, the latter limitation has reference to death without issue during the lifetime of the life tenant; and if this contingency does not occur, the estate vests absolutely in the first remainderman upon the death of the life tenant. This principle was stated, accepted and applied in a former case involving the construction of the identical will we have before us. Eakins et al. v. Eakins, 191 Ky. 61, 229 S. W. 130. That case called for a determination of the nature of title which Birdie's sister Sarah was devised under the will. The language was very similar to that above quoted, being as follows:

"Tenth. I give and bequeath to my daughter, Sarah E. Eakins, wife of F. M. Eakins, and her children, the following tract of land, being part of the land on which I now reside, to wit: (Description.)

"To have and to hold unto my said daughter, Sarah E. Eakins, and her children forever, but should she die without issue, then this land to revert to my estate."

It was held, 191 Ky. at page 66, 229 S. W. at page 132: "* * * Sarah E. Eakins took a defeasible fee subject to be defeated by her death without issue during the lifetime of her mother, the life tenant, and, having survived her mother, her title ripened into an absolute fee * * *."

Unless the slightly dissimilar language used in the devise to Birdie requires a conclusion that she was left a different type of estate than that of Sarah, we must follow the former decision and find that Birdie's title likewise ripened into a fee when she survived the life tenant.

It has been necessary for us to examine closely the entire will to determine whether or not the testator, by using the phrase "Birdie M. Deaton and her Children," intended to give her only a life estate, with remainder to her children. Clause 14 of the will shows the testator had in mind his wife and his own children as the compelling objects of his bounty. He wanted her to have a life estate, and at her death he had very carefully laid plans for the apportionment and the division of his property between his issue. There is nothing in the will to indicate that they should not share equally in his property.

In referring to "children" and "issue" of his own children, the testator did have in mind that they might acquire a remainder interest. Such interest, however, was made contingent upon their surviving their parents prior to the death of the life tenant.

The draftsman who drew this will was rather indiscriminate in the use of words. In the first seven clauses of the will there were references simply to the "children" of the named devisee. In clauses 9 to 13 the word "forever" was added after "children". In the Eakins case we concluded in effect that the word "for-

ever'' was simply a flourish which belied any intent to vest the testator's grandchildren with a noncontingent remainder interest. Had the word ''forever'' been used throughout the instrument, or had it been consistently omitted, we think the legal effect intended by the testator was the same.

In the light of the dominant purpose of the testator, and the nature of the similar, though not identical language used throughout the instrument, we are convinced he intended to devise his daughter Birdie the same nature of title he left Sarah; it was not his intention to leave them merely life estates with remainder to their children; and when they both survived the life tenant, the only contingency affecting their absolute estate in the property was removed. Therefore Birdie had a fee in the property which passed to the principal appellee at her death. Compare with Reeves v. Harris, 312 Ky. 277, 227 S. W. 2d 198, this day decided.

For the reasons stated, the judgment is affirmed.