## Reeves et al. v. Harris.

February 17, 1950.

William B. Ardery, Judge.

A. E. Funk, Attorney General, Hal O. Williams, Assistant Attorney General, and Robert F. Matthews, Jr., Assistant Attorney General, for appellants.

Kinsolving & Reasor for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment construing the will of C. L. Forman, and reversing a ruling of the Department of Revenue relative to an inheritance tax assessment.

In 1947 Lillie B. Forman died, and her executor listed as part of her estate an 815 acre farm which had been devised to her under the will of her husband, C. L. Forman. This will provided, so far as pertinent here (our italics):

"Second, I will all of my real estate, cash, and cash notes and property of all kind and description, to my wife Lillie B. Forman *to use for her benefit and our three children* as she may think best.

"Third, I hereby appoint her as Executrix to carry out this my will, she to take no inventory of my estate, and the court shall require no bond of any kind of her, I having full faith and confidence in her ability *to manage* this my estate *left to her charge* by me."

If this devise vested Lillie B. Forman with a fee in the farm, it should properly be listed as a part of her estate for inheritance tax purposes. If she had only a life estate, as contended by the executor and as determined by the lower Court, it should not be so assessed.

It is well settled in this state that where land is devised to a parent and his or her children, and no other language in the will shows a contrary intent, the parent takes a life estate with remainder to the children. The following cases establish this rule: Frank v. Unz, 91 Ky.

621, 16 S. W. 712; Weaver v. Weaver's Ex'rs, 92 Ky. 491, 18 S. W. 228, 36 Am. St. Rep. 604; E. H. Shelman & Co., Incorporated, Bankers v. Livers' Executrix et al., 229 Ky. 90, 16 S. W. 2d 800; Stahr et al. v. Mozley, 284 Ky. 552, 145 S. W. 2d 40; Prewitt et al. v. Prewitt's Executors et al., 303 Ky. 772, 199 S. W. 2d 435. See also note in 161 A. L. R. 649.

The intention of the testator, discoverable from an analysis of his entire will, is of course the controlling consideration. In the instrument we have before us, the language used makes it quite clear the testator intended to vest his three children with an immediate interest in his estate. Not only did he direct its use for their benefit, but he left it in his wife's *charge* with an expression of faith in her ability to *manage* it. This plainly negatives a design for her to take the fee. See particularly on this point Weaver v. Weaver's Ex'rs, 92 Ky. 491, 18 S. W. 228, 36 Am. St. Rep. 604, above cited. Compare Hall et al. v. Spencer et al., 312 Ky. 274, 227 S. W. 2d 196, this day decided.

We conclude the Chancellor correctly decided that Lillie Forman had only a life estate, and the farm should not be included as part of her estate for inheritance tax purposes.

The judgment is affirmed.